UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIVIAN S. CAHILL and THE ESTATE OF
SANDRA F. GARDNER (through its personal
representative, MICHAEL H. GARDNER), *individually*

Case No.: 2:22-cv-00543-SSV-DPC

   *Plaintiffs*.

v.

GREGORY G. FAIA, VERNON H. DECOSSAS III,
FAIA & ASSOCIATES, LLC, ADS SQUARED LLC,
VISUAL AD GROUP, INC., DSE LEASING, LLC., AND
BOXED JELLIES LLC

   *Defendants*.

_____/

## MEMORANDUM IN SUPPORT OF MOTION TO RECUSE

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, Vivian S. Cahill and the Estate of Sandra F. Gardner, through its personal representative, Michael H. Gardner, (hereinafter referred to as "**Plaintiffs**"), who respectfully submit this memorandum in support of their Motion to Recuse pursuant to 28 U.S. Code § 455.

### INTRODUCTORY STATEMENT

A Motion to Recuse is not an attack of any judge's integrity. Rather, it is merely a tool used to protect the sanctity of the cornerstone of our democracy – our legal system – by eliminating any form of conjecture regarding the purity of the process. It is not meant as a slight or insult, but instead its availability reinforces the commitment of our republic to uphold the sacredness of its vow to defend the rights of its citizens at all costs.

**FACTUAL BACKGROUND**

This matter involves allegations of impropriety and conspiracy against the named defendants, and particularly Gregory G. Faia ("**Faia**") and/or Vernon H. Decossas, III. ("**Decossas**"), in attempting to fraudulently strip from Plaintiffs their options to gain ownership and control over Dom Holdings, Inc. ("DOM"), DNC Holdings, Inc. ("DNC"), and Domain Apps, LLC ("DA") (collectively the "**Three Companies**"). Plaintiffs have alleged that Faia and Decossas engaged in a systematic campaign of fraud, deceit, and conversion, resulting in Faia and Decossas stealing tens of millions of dollars in cash, and tens of millions of dollars' worth of other assets from the Three Companies.

In January of 1999, Sigmund J. Solares ("**Solares**") and Michael H. Gardner ("**Gardner**") started their own companies which initially gave away free websites and generated revenue from advertising. Thereafter, a new company was launched which sold domain names. As each avenue of business followed, a new company separate from the others would be formed. They entrusted Vivian Cahill ("**Vivian**"), Solares' sister, and Sandra Gardner ("**Sandra**"), with intimate knowledge for each of the companies to assist in the operations of same.

In 2005, Solares and Gardner recruited Decossas to become the Chief Financial Officer of the companies. In 2006, with the advice of Decossas, a reorganization of the then existing companies was undertaken resulting in the creation of The Producers, Inc., a corporation organized under the laws of Florida ("**TPI**"), which served as a holding company for many of the other individual companies. In 2009, Faia was hired to serve as general counsel of the then existing companies, and eventually became a part of the management of the companies.

Thereafter, Faia and Decossas advised that the assets and business operations should be transferred and/or operated by companies nominally owned by Faia and Decossas. These

companies included the Three Companies. Concerned with this proposal, Solares and Gardner proposed, and Faia and Decossas prepared, numerous agreements providing for the protection of the interests of Solares and Gardner. As to the Three Companies, it was determined that estate planning related documents would be prepared consisting primarily of option agreements granting to Vivian and Sandra the right to acquire the equity interests in the Three Companies (collectively, the "**Options**"). The Options in the Three Companies were executed for the benefit of Vivian and Sandra before a notary and witnesses at the offices of Faia's law firm in 2011, as to DOM and DNC, and in the Cayman Islands in 2012, as to DA. In each instance, at Faia's recommendation, the originals of the Options were to be placed in Faia's office safe so that everyone would always know where they were.

In the Options, Faia and Decossas covenanted and warranted not to sell or transfer or diminish the value in any way of the equity interests or assets of the Three Companies, and agreed to cure any defects in the Three Companies prior to transfer of the equity interests in the Three Companies upon the Options' exercise. In violation of their agreements with Vivian and Sandra, over the course of several years, Faia and Decossas conspired to transfer assets of the Three Companies to themselves and their enterprises for their own benefit, and are now denying having possession of the original executed Options.

Amongst the various acts in furtherance of Defendants' conspiracy and attempt to conceal same, which are detailed in the Amended Complaint (R. Doc. 17), was Faia and/or Decossas' direction to DNC to file an involuntary petition against TPI, commencing a Chapter 7 involuntary bankruptcy of TPI ("Bankruptcy") in the United States Bankruptcy Court for the Middle District of Florida (Tampa Division).

Defendants attempt to use the Bankruptcy to make fraudulently assertions that are intended to compromise Plaintiffs' ability to exercise their Options. One of the attorneys who represented Defendants and/or The Producers, Inc. in the Bankruptcy was the spouse of this Court, Patrick Vance, as shown from the attached pleading(s) filed in the Bankruptcy case.[1]

## LAW AND ARGUMENT

The basis for requesting that any judge recuse herself on a matter is found at 28 U.S.C. § 455. The article reads, in pertinent part, as follows:

> (a)Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)He shall also disqualify himself in the following circumstances:
> …
>
> (5)He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
> (i)Is a party to the proceeding, or an officer, director, or trustee of a party;
> (ii)Is acting as a lawyer in the proceeding;
> (iii)Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> (iv)Is to the judge's knowledge likely to be a material witness in the proceeding.

In analyzing 28 U.S.C. § 455 and the reasoning behind the need for same, the United States Fifth Circuit Court of Appeals stated the following:

> Section 455(a) provides that a judge shall disqualify himself in any proceeding in which 'his impartiality might reasonably be questioned.' This language sets up an objective standard, rather than the subjective standard set forth in the prior statute through use of the phrase 'in his opinion.' According to the report of the House Judiciary Committee, the general standard of section 455(a) was designed to promote the public's confidence in the impartiality and integrity of the judicial process by saying, in effect, that if any reasonable factual basis for doubting the judge's impartiality exists, the judge 'shall' disqualify himself and let another judge preside. 1974 U.S.Code Cong. & Admin.News, pp. 6351, 6354-55.
>
> Clearly, the goal of the judicial disqualification statute is to foster the Appearance of impartiality. Cf. E. Thode, Reporter's Notes to Code of Judicial Conduct 60-61 (1973). This overriding concern with appearances, which also pervades the Code of Judicial Conduct and the ABA Code of Professional Responsibility, stems from the recognized need for an unimpeachable judicial system in which the public has unwavering confidence.

---

[1] See Exhibit A in globo, attached hereto.

> As this court has noted, 'the protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system.' *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d 107, 109 (5th Cir. 1974). Any question of a judge's impartiality threatens the purity of the judicial process and its institutions.[2]

The Court went further and definitively established that the existence of an actual bias or prejudice is irrelevant. Rather, it is how an everyday lay person would view the issue. In furtherance of that principle the Court stated:

> Because 28 U.S.C. § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. Use of the word "might" in the statute was intended to indicate that disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality. Note, Disqualification of Judges and Justices in the Federal Courts, 86 Harv.L.Rev. 736, 745 (1973).[3]

This case involves allegations of fraud and conspiracy to steal tens of millions of dollars in cash and tens of millions of dollars' worth of other assets from the Plaintiffs. Amongst the various acts in furtherance of the conspiracy alleged is the Defendants initiating an involuntary petition commencing a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida (Tampa Division) for fraudulent reasons, and one of the attorneys who represented the Defendants in that bankruptcy case is the spouse of this Court.

Given the fact that the allegations in this matter call into question the motivations behind the bankruptcy, the alleged fraudulent assertions made in the bankruptcy, as well as the inappropriate use of the bankruptcy to further the Defendants' conspiracy, all of which may require an analysis of Defendants' candor to the bankruptcy court and their attorneys, a reasonable lay person may feel a bit apprehensive about this Court presiding over this matter. In other words, the nature of the allegations in this matter will require the strictest of scrutiny of the Defendants' actions, words, and motivations, including those taken in the Bankruptcy wherein this Court's

---

[2] *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1110 (5th Cir. 1980).
[3] *Id.* 1111.

spouse was counsel, to properly adjudicate Plaintiffs' claims. In an effort to avoid any possible appearance of impartiality, Plaintiffs believe it would be prudent for this Court to self-recuse for the sake of protecting the integrity and dignity of the judicial process and promoting unwavering confidence of same by the public.

## CONCLUSION

The protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system. A judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street. The issue is not whether, in fact, there exists any bias or prejudice, or whether the judge feels that he can be impartial or unbiased. Disqualification is necessary if the reasonable man, were he to know all the circumstances, would, in any way, question the legitimacy of the judicial proceedings. In this case, because an in-depth analysis of the Bankruptcy is needed to properly adjudicate Plaintiffs' claims, which may require an examination of the knowledge and actions of the attorneys in that matter, it appears proper for this Court to self-recuse to avoid even the slightest hint of impartiality.

Respectfully submitted,

    /s/ W. Glenn Burns
W. GLENN BURNS (LSBA #3698) T.A.
WILLIAM D. AARON, JR. (LSBA #2267)
DEWAYNE L. WILLIAMS (LSBA # 27685)
**AARON & GIANNA, PLC**
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 569-1800
Facsimile: (504) 569-1801
E-mail: gburns@aarongianna.com
       waaron@aarongianna.com
       dwilliams@aarongianna.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been filed electronically; that the Electronic Case Filing system will e-mail a Notice of Electronic Filing to all counsel in the case who have received their Electronic Case Filing login and password; and that a hard copy has been forwarded along with a copy of the Notice of Electronic Filing to attorneys and parties who are not set up for electronic notification.

      New Orleans, Louisiana, this 11th day of July, 2022.

                                      */s/ W. Glenn Burns*
                                      W. GLENN BURNS