## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VIVIAN S. CAHILL AND THE**                     **CIVIL ACTION**
**ESTATE OF SANDRA F. GARDNER,**
**BY ITS PERSONAL REPRESENTATIVE,**
**MICHAEL H. GARDNER**

**VERSUS**                                        **NO. 22-543**

**GREGORY FAIA, VERNON H.**                       **SECTION: "E" (2)**
**DECOSSAS, III, FAIA & ASSOCIATES,**
**LLC, ADS SQUARED LLC, VISUAL AD**
**GROUP, INC. AND DSE LEASING, LLC,**

### ORDER AND REASONS

Before the Court is Defendants' Motion to Extend Stay.[1] Plaintiffs filed an opposition.[2] Defendants replied.[3] Plaintiffs filed a sur-reply.[4] The Court held Oral Argument on the motion on Tuesday, April 11, 2023.[5] For the reasons that follow, Defendants' motion is granted.

### BACKGROUND

This action stems from decades of litigation between Plaintiffs and Defendants resulting from business ventures that began in 1999. Plaintiff brought suit in this Court on March 8, 2022, alleging Defendants executed two option agreements for the benefit of Plaintiffs, in which Plaintiffs were given ownership and control of certain subsets of the companies, and Defendants have refused to recognize the existence or perform the agreements. It is these option agreements that are at issue in the instant litigation.

---

[1] R. Doc. 24.
[2] R. Doc. 25.
[3] R. Doc. 35.
[4] R. Doc. 39.
[5] R. Doc. 40.

On August 4, 2022, the parties jointly moved the Court to stay the proceedings pending the outcome of a related bankruptcy proceeding in a Florida court.[6] In their motion, the parties argued "Plaintiffs and Defendants have agreed to submit a dispositive threshold question for resolution by the U.S. Bankruptcy Court: whether Plaintiffs in this matter, with respect to the alleged option documents, were and are merely the 'nominees' of Sigmund Solares and Michael Gardner."[7] The parties jointly represented to the Court that "[t]he resolution of this threshold issue will directly impact whether and to what extent Plaintiffs can proceed with the claims asserted in the Amended Complaint."[8] Based on these representations, the Court stayed the proceedings until December 1, 2022.[9] On November 18, 2022, after the trial date in the Florida proceeding was continued, the parties jointly moved for an extension of the stay through March 1, 2023.[10] The Court granted the parties' motion.[11] On February 27, 2023, Defendants filed the instant motion to extend the stay through June 1, 2023.[12]

## LEGAL STANDARD

A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] It is undisputed that "this authority includes the district court's wide discretion to grant a stay in a pending matter."[14] However, [t]his discretionary power of a court . . . is not

---

[6] R. Doc. 20.
[7] *Id.* at p. 4.
[8] *Id.* at p. 5.
[9] R. Doc. 21.
[10] R. Doc. 22.
[11] R. Doc. 23.
[12] R. Doc. 24.
[13] *Builder's Iron, Inc. v. W. Sur. Co.*, No. 12-0823, 2012 WL 2406036, at *4 (E.D. La. June 25, 2012).
[14] *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Academy of the Holy Family*, 922 F. Supp. 2d 550, 563 (E.D. La. 2013).

unlimited.'"[15] A proper use of the court's broad discretion "'calls for the exercise of judgment, which must weigh competing interests and maintain[] an even balance.'"[16]

## ANALYSIS

Defendants request an extension of the stay through June 1, 2023, to allow the Florida court to issue its Findings of Fact and Conclusions of Law on the threshold question of whether Plaintiffs are considered "nominees."[17] Unlike the previous motions, Plaintiffs oppose the extension of the stay.[18] In opposition, Plaintiffs make a smattering of arguments as to why the stay should not be extended.[19] Critically, Plaintiffs argue for the first time that the threshold question currently being decided in the Florida proceeding will not have any impact on the outcome of Plaintiffs' claims before this Court.[20]

Plaintiffs' argument represents a stark change from the positions previously taken by Plaintiffs in the joint motions, wherein Plaintiffs joined Defendants in arguing the "[t]he resolution of this threshold issue will directly impact whether and to what extent Plaintiffs can proceed with the claims asserted in the Amended Complaint."[21] Moreover, the Court is not convinced Plaintiffs' argument—that the outcome of the Florida proceeding will have no impact on Plaintiffs' claims before this Court—holds merit. Plaintiffs maintain nine claims in this action under the following theories: (1) RICO violations; (2) breach of fiduciary duty; (3) fraud; (4) Louisiana Unfair Trade Practices

---

[15] *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 544-45 (S.D. Tex. 2017).
[16] *Id.* at 545 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).
[17] R. Doc. 24.
[18] R. Doc. 25.
[19] *Id.* The Court finds Plaintiffs other arguments (including those about jurisdiction, res judicata, or those on the merits) are irrelevant to the determination of whether Defendants' motion should be granted. Accordingly, the Court refrains from considering those arguments at this stage.
[20] R. Doc. 39 at p. 6.
[21] R. Doc. 20 at p. 5.

Act; (5) specific performance; (6) breach of contract; (7) preliminary injunction; (8) permanent injunction; and (9) declaratory relief.[22] Several of Plaintiffs' claims have the potential to be impacted by Plaintiffs' categorization as "merely nominees."[23] The Court is not prepared to overlook Plaintiffs' previous representations to the Court and hold the outcome of the Florida proceeding is irrelevant at the time. Having considered the competing interests, the Court finds an extension of the stay until June 1, 2023, is appropriate under the circumstances.

## **<u>CONCLUSION</u>**

**IT IS ORDERED** that Defendants' Motion to Extend the Stay is hereby **GRANTED**. The stay in this matter is extended through June 1, 2023.

**IT IS FURTHER ORDERED** that by June 2, 2023, Defendants shall provide to the Court's e-file email address, a letter informing the Court of the status of the Florida proceeding and, if an opinion has not been issued, whether Defendants intend to seek an additional stay.[24]

**New Orleans, Louisiana, this 3rd day of May, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 17.
[23] Plaintiffs' arguments about res judicata are premature. Accordingly, the Court will not address this at this time.
[24] Defendants shall provide the letter to efile-morgan@laed.uscourts.gov.