UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN S. CAHILL and THE ESTATE OF SANDRA F. GARDNER, by its Personal Representative, Michael H. Gardner,<br><br>Plaintiffs<br><br>vs.<br><br>GREGORY G. FAIA, VERNON H. DECOSSAS III, FAIA & ASSOCIATES, LLC, ADS SQUARED LLC, VISUAL AD GROUP, INC., and DSE LEASING, LLC,<br><br>Defendants | Case No.:   22-cv-00543-SM-DPC<br><br>Judge:   SUSIE MORGAN<br><br>Magistrate:   DONNA PHILLIPS CURRAULT |

## **DEFENDANTS' MOTION TO EXTEND STAY**

Pursuant to the Federal Rules of Civil Procedure, Defendants (Gregory G. Faia, Vernon H. Decossas III, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC) hereby submit this "Motion to Extend Stay." The Defendants further represent as follows:

1.

The instant matter arises out of Plaintiffs' alleged ownership of, and right to exercise, certain stock options alleged to exist with respect to three companies presently owned by Defendants. *See* Docket # 55 (Plaintiffs' Second Amended Complaint) at 3 ("The crux of this litigation are these Options: the Options in DOM, DNC, and DA were executed for the benefit of Vivian and Sandra.").

2.

A related, first-filed matter is currently being litigated between the Plaintiffs and Defendants (the "Parties") in the U.S. Bankruptcy Court for the Middle District of Florida. *See Faia v. Solares*, No. 19-bk-8638-CPM (21-ap-333-CPM) (M.D. Fla. Bkr.) (the "Florida Litigation").

5234582.v1

3.

The Parties are accordingly adverse to one another not only in this matter, but also in the Florida Litigation. Moreover, the focal point of the Florida Litigation is a determination of whether the same option rights claimed by the Plaintiffs in this matter are invalid and/or were already released in a settlement agreement. *See* Florida Litigation, Docket # 1 at 13-14 ("[EDLA Defendants] respectfully request the Court enter a declaratory judgment declaring that V. Solares Cahill and Gardner as Executor merely held interests in the Alleged Options, if any, as agents and proxies for S. Solares and M. Gardner, and that S. Solares and M. Gardner had full authority to, and did in fact, settle and release any claims premised on the Alleged Options in the Settlement Agreement such that the Alleged Options are no longer valid and enforceable, to the extent such Alleged Options even exist.").

4.

On earlier occasions, the Parties submitted joint filings to this Court (a) summarizing the Plaintiffs' claims in this matter; (b) setting forth in detail the claims at issue in the Florida Litigation; and (c) explaining how the two lawsuits present identical questions of fact and law. Given the overlap between this matter and the Florida Litigation, the Parties previously cooperated and agreed to submit important threshold questions to one forum. *See* Docket # 20 at 5 ("**To be clear . . . , the U.S. Bankruptcy Court is scheduled . . . to determine whether the Plaintiffs in this matter have any relevant rights not already released**.").

5.

Specifically, in order to streamline the multi-front legal proceedings, Plaintiffs and Defendants agreed to submit a dispositive, common question for resolution by the U.S. Bankruptcy Court: whether Plaintiffs' claimed option rights actually exist and/or were voided by a 2021 settlement agreement (the "Settlement") reached earlier in the Florida Litigation. To be clear, the

question presented (and now litigated) in the Florida Litigation is whether any option rights were ever awarded to the Plaintiffs and, if so, whether the Plaintiffs held the options as mere "nominees" for relatives who were subject to the Settlement. As the Plaintiffs and Defendants previously advised this Court jointly, "[t]he resolution of this threshold issue will directly impact whether and to what extent Plaintiffs can proceed with the claims asserted in the Amended Complaint in the instant case." Docket # 20 at 5; Docket # 22 at 2.

6.

The "Agreed Order" in which the Parties jointly stipulated to the presentation of the option-validity question to the U.S. Bankruptcy Court is being submitted herewith. *See* Exhibit 1 at 2-3 (Florida Litigation, Docket # 192, July 18, 2022, Order) ("The Court will hold a trial to determine through the appropriate final judgment . . . whether any of the interests or rights claimed or possessed by Defendants Vivian Solares Cahill and Sandra F. Gardner . . . are governed by the . . . terms and provisions of the Settlement Agreement and Release.").

7.

Importantly, as Plaintiffs have explicitly acknowledged as recently as March 6, if the U.S. Bankruptcy Court resolves the disputed question in Defendants' favor, Plaintiffs will be barred from pursuing their associated claims in this Court. *See* Florida Litigation, Docket # 438 (Plaintiffs' Proposed Findings of Fact) ("**As the Court said, if Vivian Solares Cahill and Sandra Gardner were nominees then their claims were released by the settlement**.").

8.

In accordance with the Parties' agreement, the U.S. Bankruptcy Court conducted a five-day trial in which all Parties to this litigation actively participated. In particular, from November 7 to November 9, 2022, and then on January 17 and 18, 2023, the U.S. Bankruptcy Court received evidence and testimony relating to the Settlement and the validity of the same option agreements

Page 3

that Plaintiffs seek to enforce in this Court. *See* Florida Litigation, Docket # 354, # 361, # 362, # 406, # 408, # 412. On March 6, 2023, the Parties each submitted proposed findings of fact and conclusions of law to the U.S. Bankruptcy Court judge. *See* Florida Litigation, Docket # 438, # 439.

9.

For the last six months, the Parties have awaited the U.S. Bankruptcy Court's ruling, which has not yet been released, and which could be issued at any time. Of course, the Parties do not know when the Florida court will issue its written opinion and judgment.

10.

Defendants now seek to stay this matter (which is already stayed) for an additional 90 days, through December 1, 2023.

11.

By previous rulings, this Court has stayed this proceeding (delaying discovery and Defendants' responsive-pleading deadline) in order to allow the Florida Litigation to conclude. In particular, on August 10, 2022, this Court granted a stay to allow for the conclusion of the originally-scheduled November 2022 Florida Litigation trial. *See* Docket # 21. When the final days of that trial were delayed until January 2023, this Court extended the relevant stay until March 1, 2023. *See* Docket # 23. These stay motions and extensions were not opposed, and, in fact, Plaintiffs joined in requesting the stay relief.

12.

More recently, despite Plaintiffs' opposition, this Court extended the stay through June 1 and then September 1, 2023, to allow for the U.S. Bankruptcy Court to issue its ruling. *See* Docket # 41 (May 3, 2023, Order). In extending the stay, this Court rejected Plaintiffs' new position that the forthcoming ruling on Plaintiffs' "nominee status" (with respect to the option agreements at

5234582.v1

issue) will not impact this E.D.La. matter. *See id*. at 4 ("Several of Plaintiffs' claims have the potential to be impacted by Plaintiffs' categorization as 'merely nominees.'").

13.

While the U.S. Bankruptcy Court has not yet issued its ruling, its expected ruling remains relevant and will be determinative of claims presented to this Court. To allow additional time for the U.S. Bankruptcy Court to issue its relevant ruling, Defendants now seek to extend the current stay of this E.D.La. proceeding until December 1, 2023.

14.

In accordance with the requested stay, the Parties would be precluded from issuing any written discovery until December 1, 2023, and Defendants would not be required to file a responsive pleading or Rule-12 motion until such date.

15.

Counsel for Plaintiffs has advised that Plaintiffs oppose this motion and any further extension of the stay.

____ — ____

WHEREFORE, Defendants (Gregory G. Faia, Vernon H. Decossas III, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC) respectfully request that the Court:

    (a)    GRANT this Motion to Extend Stay, staying the advancement of this matter until at least December 1, 2023, or until further Court order;

    (b)    ORDER that Defendants be granted until at least December 1, 2023, to file responsive pleadings and/or any applicable Rule-12 motions; and

    (c)    ORDER that no written discovery shall be served in this matter, nor shall any discovery otherwise be conducted, until at least December 1, 2023.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P

By: ___*Ryan K. French*___
  Robert W. Barton, Bar # 22936
    Bob.barton@taylorporter.com
  John S. Campbell, III, Bar # 23674
    Johnstone.campbell@taylorporter.com
  Ryan K. French, Bar # 34555
    ryan.french@taylorporter.com
  450 Laurel Street, 8th Floor (70801)
  P. O. Box 2471
  Baton Rouge, LA 70821-2471
  Phone: (225) 381-0262

  ***Attorneys for Vernon H. Decossas III, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC***

JONES WALKER L.L.P

  Michael W. Magner, Bar # 1206
    mmagner@joneswalker.com
  Andrew R. Lee, Bar # 21196
    alee@joneswalker.com
  Peter J. Kee, Bar # 34860
    pkee@joneswalker.com
  201 St. Charles Ave. Suite 5100
  New Orleans, LA 70170
  Phone: (504) 589-8316

  ***Attorneys for Gregory G. Faia, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC***

FRILOT, LLC

  David S. Daly, Bar # 20774
    ddaly@frilot.com
  1100 Poydras St. Suite 3700
  New Orleans, LA 70163
  Phone: (504) 599-8139

  ***Attorneys for Gregory G. Faia and Faia & Associates, LLC***

Page 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **6th** day of September, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing was accordingly sent to all counsel of record through the Court's electronic filing system.

 /s/   *Ryan K. French*
Ryan K. French