ORDERED.

Dated: July 18, 2022

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                              Chapter 11

THE PRODUCERS, INC.,                                                Case No. 8:19-bk-08638-CPM

       Debtor.
_____/

GREGORY FAIA; VERNON DECOSSAS, III;
DNC HOLDINGS, INC; DOM HOLDINGS, INC.;
and DOMAIN APPS, LLC

       Plaintiffs,
v.                                                                  Adv. Pro. No. 8:21-ap-00333-CPM

SIGMUND SOLARES; *et al*.

       Defendants.
_____/

**AGREED ORDER GRANTING MOTION
TO BIFURCATE TRIAL AND TO STAY DISCOVERY**
(Doc. No. 157)

THIS MATTER came before the Court for hearings on July 13, 2022 at 9:30 a.m. and July 15, 2022 at 1:30 p.m. (the "**Hearing**") on the *Motion of Defendants Vivian Solares Cahill and*

**Exhibit 1**

85F541002.DOCX

*Michael Gardner, as the Personal Representative for the Estate of Sandra F. Gardner, to Bifurcate Trial and to Stay Discovery* (Doc. No. 157) ("**Motion**"), and the Joinder in the Motion by the Debtor, The Producer's Inc. (Doc. No. 159) ("**Joinder**").

At the Hearing, counsel for the Plaintiffs, Gregory Faia ("**Faia**"), Vernon Decossas, III ("**Decossas**"), DNC Holdings, Inc., DOM Holdings, Inc., and Domain Apps, LLC,, and counsel for the Defendants, Sigmund J. Solares ("**Solares**") and Michael H. Gardner ("**Gardner**"), announced their agreement (a) with the relief requested in the Motion and the Joinder, as provided in this Agreed Order, and (b) to entry of this Agreed Order. By submission of this Agreed Order for entry, the submitting counsel represents that the parties to this adversary proceeding (collectively, the "**Parties**") consent to its entry.

Having reviewed the Motion, based upon requests therein, and understanding all Parties have agreed with the relief requested in the Motion and granted by this Agreed Order, and otherwise being fully advised in the premises, it is

**ORDERED**:

1. The Motion (Doc. No. 157) is **GRANTED,** as provided herein.

2. The issues for trial in this adversary proceeding will be bifurcated into at least two (2) distinct phases.

3. During the first phase of the Trial (as defined below) (the "**Nominee Phase**"), the Court will hold a trial to determine through appropriate final judgment the following: whether any of the interests or rights claimed or possessed by Defendants Vivian Solares Cahill ("**Ms. Cahill**") and Sandra F. Gardner ("**Ms. Gardner**") and/or the Estate of Sandra F. Gardner, through Michael H. Gardner, its Personal Representative (the "**Estate**"), with respect to (a) DOM Holdings, Inc., a corporation organized under the laws of Delaware ("**DOM**"); (b) DNC Holdings, Inc., a

2

corporation organized under the laws of Delaware ("**DNC**"), and (c) Domain Apps, LLC, a limited liability company organized under the laws of Louisiana ("**DA**," and together with DOM and DNC, collectively referred to as the "**Three Companies**"), if any, were granted to, owned by, possessed by or otherwise conveyed to Ms. Cahill, Ms. Gardner and/or the Estate as mere nominees or in some similar capacity for the benefit of Solares and/or Gardner, (individually) and, therefore the interests or rights claimed by Ms. Cahill, Ms. Gardner and/or the Estate in the Three Companies are governed by the *Order Granting Motion to Approve Compromise (Doc 573)* entered by the Bankruptcy Court on February 11, 2021 (Doc. No. 576) and the terms and provisions of the Settlement Agreement and Release approved by that order (the "**Nominee Issues**"). Necessarily implicit in the Court's Trial of the Nominee Issue is a determination by the Court of whether any rights or interests were granted to Ms. Cahill or Ms. Gardner (or her Estate) at all.

4. The trial currently set for November 7, 2022 through November 10, 2022 (Doc. No. 168) (the "**Trial**") will be limited to the determination of the Nominee Issues.

5. After the conclusion of the Nominee Phase and following the Court's issuance of a decision regarding the Nominee Issues, the Court will hold a case management and scheduling conference, to be set at a later date, to determine what issues, if any, remain to be tried.

6. During the Nominee Phase, all discovery shall be limited to the Nominee Issues, to the same extent as if the only issues to be tried in this case were the Nominee Issues. The Court does not intend to limit or expand the scope of the discovery of any applicable Federal or Local Rules regarding discovery concerning the Nominee Issues.

7. During the Nominee Phase, (a) expert reports need not and should not address issues other than the Nominee Issues, and (b) witnesses, deponents, and experts will not be

3

questioned, will not opine, and will not testify on issues other than issues related to the Nominee Issues during discovery or at the Trial.

8. Nothing in this Agreed Order shall (a) alter the Parties' respective abilities to offer evidence relevant to the Nominee Issues at the Trial nor alter the burden of proof, persuasion, or production to establish each and every element of liability, justifications, or defenses, related to the Nominee Issues, or (b) prohibit or limit discovery during the Nominee Phase relevant to the Nominee Issues.

9. Nothing in this Agreed Order shall alter, either in favor or against, the Parties' current respective rights, whatever those may or may not currently be, to demand or oppose a demand for a trial by jury as to all issues so triable, except as to the Trial of the Nominee Issues, which Nominee Issues shall be tried by the Bankruptcy Court.

10. Nothing in this Agreed Order shall alter, either in favor or against, the Parties' current respective rights, whatever those may or may not currently be, to consent or oppose the entry of final orders or judgments by the Bankruptcy Court, except the Parties consent to the entry of final orders or judgments by the Bankruptcy Court regarding the Nominee Issues.

11. The parties in the case styled *Vivian S. Cahill, et al v Gregory Faia, et al*, case number 2:22-cv-00543, currently pending in the Eastern District of Louisiana (the "**ED LA Case**"), agree to file an agreed motion in the ED LA Case immediately upon resolution of a pending Motion to Recuse (at Doc. 18 in the ED LA Case) seeking to stay any discovery or further filings in the ED LA Case (the "**ED LA Stay**") until on or after December 1, 2022, without prejudice to any party to seek a further extension of the ED LA Stay.

85F541002.DOCX

5

12. The Court reserves jurisdiction to resolve any disputes regarding this Agreed Order upon the filing of a motion by any party requesting a determination regarding such issue.

Attorney Jeffrey W. Warren is directed to serve a copy of this Order on interested non-CM/ECF users and file a proof of service within three (3) days of entry of the Order.

5

85F541002.DOCX