UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIVIAN S. CAHILL AND THE ESTATE OF SANDRA F. GARDNER, BY ITS PERSONAL REPRESENTATIVE, MICHAEL H. GARDNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-543** |
| **GREGORY FAIA, VERNON H. DECOSSAS, III, FAIA & ASSOCIATES, LLC, ADS SQUARED LLC, VISUAL AD GROUP, INC. AND DSE LEASING, LLC** | **SECTION: "E" (2)** |

**ORDER AND REASONS**

On September 6, 2023, Defendants filed a fourth Motion to Extend Stay.[1] Plaintiffs filed an opposition.[2] Defendants replied.[3] For the reasons that follow, Defendants' motion is **DENIED**.

**BACKGROUND**

This action stems from decades of litigation between Plaintiffs and Defendants resulting from business ventures that began in 1999. Plaintiff brought suit in this Court on March 8, 2022, alleging Defendants executed two option agreements for the benefit of Plaintiffs, in which Plaintiffs were given ownership and control of certain subsets of the companies, and Defendants have refused to recognize the existence or perform the agreements. It is these option agreements that are at issue in the instant litigation.

On August 4, 2022, the parties jointly moved the Court to stay the proceedings pending the outcome of a related bankruptcy proceeding in a Florida court.[4] In their

---

[1] R. Doc. 60.
[2] R. Doc. 62.
[3] R. Doc. 65.
[4] R. Doc. 20.

1

motion, the parties argued "Plaintiffs and Defendants have agreed to submit a dispositive threshold question for resolution by the U.S. Bankruptcy Court: whether Plaintiffs in this matter, with respect to the alleged option documents, were and are merely the 'nominees' of Sigmund Solares and Michael Gardner."[5] The parties jointly represented to the Court that "[t]he resolution of this threshold issue will directly impact whether and to what extent Plaintiffs can proceed with the claims asserted in the Amended Complaint."[6] Based on these representations, the Court stayed the proceedings until December 1, 2022.[7] On November 18, 2022, after the trial date in the Florida proceeding was continued, the parties jointly moved for an extension of the stay through March 1, 2023.[8] The Court granted the parties' motion.[9] On February 27, 2023, Defendants filed another motion to extend the stay through June 1, 2023,[10] which the Court granted after holding a motion hearing.[11] On June 1, 2023, Defendants filed a third motion to extend the stay through September 1, 2023,[12] which the Court granted after hearing oral argument.[13] Defendants now move for a fourth extension of the stay in this matter.[14]

## **LEGAL STANDARD**

A district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[15] It is undisputed that "this authority includes the district court's wide discretion to grant a stay

---

[5] *Id.* at p. 4.
[6] *Id.* at p. 5.
[7] R. Doc. 21.
[8] R. Doc. 22.
[9] R. Doc. 23.
[10] R. Doc. 24.
[11] R. Doc. 41.
[12] R. Doc. 42.
[13] R. Doc. 57.
[14] R. Doc. 60.
[15] *Builder's Iron, Inc. v. W. Sur. Co.*, No. 12-0823, 2012 WL 2406036, at *4 (E.D. La. June 25, 2012).

in a pending matter."[16] However, [t]his discretionary power of a court . . . is not unlimited.'"[17] A proper use of the court's broad discretion "'calls for the exercise of judgment, which must weigh competing interests and maintain[] an even balance.'"[18]

## ANALYSIS

Defendants request a fourth extension of the stay through December 1, 2023, to allow the Florida court to issue its Findings of Fact and Conclusions of Law, which Defendants claim "remains relevant and will be determinative of claims presented to this Court."[19] Plaintiffs argue that their Second Amended Complaint, which was filed after the last order granting an extension of the stay, alleges the ruling from the Florida court will not be determinative of the above-captioned matter.[20]

This Court has stayed the instant matter for over a year, but now, using its discretionary power, finds that further delay is unwarranted. Moreover, Defendants have recently filed a Motion to Re-Open Evidence in the Florida litigation,[21] which will undoubtedly cause further delay in the resolution of that case. Having considered the competing interests, the Court finds that further extension of the stay is unwarranted under the circumstances.

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Extend the Stay is hereby **DENIED**. The stay in this matter is hereby lifted.

---

[16] *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Academy of the Holy Family*, 922 F. Supp. 2d 550, 563 (E.D. La. 2013).
[17] *Bar Group, LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 544-45 (S.D. Tex. 2017).
[18] *Id.* at 545 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).
[19] R. Doc. 60 at ¶ 13.
[20] R. Doc. 62 at 2-3.
[21] R. Doc. 63-2 at 7 (referencing a "Motion to Re-Open Evidence for a Narrow Limited Purpose" filed with the Florida court on Sept. 7, 2023 and a "Supplement to Motion to Re-Open Evidence" filed on Sept. 19, 2023, which will be heard on Oct. 2, 2023).

**IT IS FURTHER ORDERED** that within 21 days of this order, Defendants shall file their responsive pleadings to Plaintiff's Second Amended Complaint.

**New Orleans, Louisiana, this 27th day of September, 2023.**

											_____
												**SUSIE MORGAN**
									**UNITED STATES DISTRICT JUDGE**