UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN S. CAHILL and THE ESTATE OF SANDRA F. GARDNER, by its Personal Representative, Michael H. Gardner,<br><br>Plaintiffs<br>vs.<br><br>GREGORY G. FAIA, VERNON H. DECOSSAS III, FAIA & ASSOCIATES, LLC, ADS SQUARED LLC, VISUAL AD GROUP, INC., and DSE LEASING, LLC,<br><br>Defendants | Case No.:   22-cv-00543-SM-DPC<br><br>Judge:   SUSIE MORGAN<br><br>Magistrate:   DONNA PHILLIPS CURRAULT |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

Pursuant to the Federal Rules of Civil Procedure, Defendants (Gregory G. Faia, Vernon H. Decossas III, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC) hereby submit this "Memorandum in Support of Motion for Reconsideration." The Defendants further represent as follows:

### I.     BACKGROUND

For the last year, this matter has been stayed pending the resolution of a dispositive question in a related proceeding pending before the U.S. Bankruptcy Court for the Middle District of Florida. *See Faia v. Solares*, No. 19-bk-8638-CPM (21-ap-333-CPM) (M.D. Fla. Bkr.) (the "Florida Litigation"). *See* Docket # 21, Docket # 23. Following a five-day trial in the Florida Litigation and the submission of post-trial briefing, the Florida court has been considering and preparing its ruling for the last seven months.

In light of the forthcoming Florida ruling, on September 7, Defendants sought to extend the current stay through December 1, 2023. *See* Docket # 60. As noted in the Defendants' briefing, the Florida court had admittedly not given any concrete indication concerning when it expected to

5279578.v1

rule. Moreover, Defendants noted, they had recently filed a motion to reopen the evidence in the Florida matter, which was likely to further delay the Florida court's ruling.

On September 27, this Court denied Defendants' motion for stay, noting that the matter had already been stayed for more than a year, and that Defendants' recent filing in Florida would "undoubtedly cause further delay in the resolution of that case." *See* Docket # 66. Accordingly, the Court ordered that Defendants respond to the operative complaint in this matter no later than **October 18**, 2023.

## II. RECENT DEVELOPMENTS

Just after the Court's ruling denying a further stay, on October 2, the Parties in this matter appeared before the Florida court to debate Defendants' motion to reopen the evidence. Ultimately, the Defendants agreed to withdraw the motion in its entirety, prompting the Florida court to deny the motion as moot. Florida Litigation, Docket # 500. In open court, the presiding judge in the Florida Litigation then explicitly assured all Parties and counsel that she would announce and/or issue her ruling on the matters submitted to her—including the "nominee question"—no later than October 30.[1]

## III. STANDARD OF REVIEW

As this is a motion for reconsideration of an interlocutory ruling, Rule 54(b) governs the Court's review, with the relevant standard being the same as for Rule 59 motions to alter or amend a judgment. In turn, "[c]ourts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

---

[1] To the extent necessary, by submitting this motion, undersigned counsel hereby explicitly affirms the truth and correctness of this statement under penalty of perjury under the laws of the United States of America. *See* 28 U.S.C. § 1746.

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law."

*S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013).

### IV.    REQUEST FOR RELIEF

In light of the relevant considerations, this Court should reconsider its September 27, 2023, ruling, and amend it to extend the Defendants' responsive pleading deadline by 23 days—until November 10, 2023 (instead of October 18). Other than that limited modification, Defendants request no other amendment or change to the Court's ruling.

The case for the limited extension requested is simple: the Parties have already waited seven months for the Florida court to rule upon an indisputably-important question. However, in denying any further stay of this matter, the Court was justifiably worried about the uncertainty of the Florida Litigation's anticipated resolution date; moreover, as the Court additionally noted, it appeared inevitable that Defendants' recent evidentiary motion would delay the already-uncertain ruling date in Florida to an even-further, still-uncertain date.

The withdrawal of the Defendants' Florida motion, paired with a concrete ruling announcement date, dramatically changes the context of the Defendants' original motion. In particular, the developments in Florida, which occurred after this Court's ruling, qualify as previously unavailable evidence, as well as an alteration of the primary facts on which the Court's ruling was based. While it may have been reasonable to deny any further stay when there were signs of further delay and no estimated termination date, the circumstances have materially changed. With the source of delay negated and now a known ruling date—on or before October 30—it is eminently reasonable to extend Defendants' responsive pleading deadline by three weeks.

Notably, the 23-day extension requested will cause no cognizable prejudice, and it maintains a concrete, short-term date by which Defendants must evaluate their options and advance this matter. Conversely, the maintenance of the current October 18 responsive-pleading deadline will substantially prejudice Defendants. Of course, Defendants will undoubtedly incur substantial expenses to prepare motions to dismiss on the basis of a pleading likely to be rendered partially or completely moot by the Florida court's decision. As problematically, the scope and contents of the Florida court ruling will have an impact on the appropriateness of that forum, with there being numerous possible scenarios in which it would be more practical to complete litigation in Florida, and an equivalent number of scenarios in which it would be more efficient—or create less jurisdictional questions—to address remaining claims in Louisiana. Accordingly, it is not only impractical to require Defendants to assert or waive their venue, first-filed, and personal jurisdiction objections by October 18, but it is also unfair to unnecessarily place Defendants in such a bind.

Admittedly, some unforeseen disaster or event could conceivably preclude the Florida court from issuing its ruling by the promised date. So that such a possibility does not concern the Court, Defendants hereby explicitly waive any right to any further responsive-pleading extension, such that Defendants shall file an appropriate responsive pleading or Rule 12 motions(s) on or before November 10, without regard to whether the Florida court has ruled by that time, has issued complete written reasons, has reserved certain issues for further consideration, or has otherwise failed to fully address all issues presented to it. Stated another way, reserving to Plaintiffs their ability to seek any extension they might desire, in no event shall Defendants assert that a delayed or incomplete ruling in Florida in any way justifies moving the Defendants' responsive pleading deadline beyond November 10, 2023.

WHEREFORE, Defendants (Gregory G. Faia, Vernon H. Decossas III, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC) respectfully request that the Court:

(a) GRANT this "Motion for Reconsideration"; and

(b) Amend the Court's September 27, 2023, ruling (Docket # 66) to extend Defendants' responsive-pleading deadline from October 18, 2023, to November 10, 2023.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P

By: *Ryan K. French*
   Robert W. Barton, Bar # 22936
      Bob.barton@taylorporter.com
   John S. Campbell, III, Bar # 23674
      Johnstone.campbell@taylorporter.com
   Ryan K. French, Bar # 34555
      ryan.french@taylorporter.com
   450 Laurel Street, 8th Floor (70801)
   P. O. Box 2471
   Baton Rouge, LA 70821-2471
   Phone: (225) 381-0262

   ***Attorneys for Vernon H. Decossas III, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC***

JONES WALKER L.L.P

Michael W. Magner, Bar # 1206
  mmagner@joneswalker.com
Andrew R. Lee, Bar # 21196
  alee@joneswalker.com
Peter J. Kee, Bar # 34860
  pkee@joneswalker.com
Michael O'Brien, Bar # 38852
  mobrien@joneswalker.com
201 St. Charles Ave. Suite 5100
New Orleans, LA 70170
Phone: (504) 589-8316

***Attorneys for Gregory G. Faia, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC***

FRILOT, LLC

David S. Daly, Bar # 20774
  ddaly@frilot.com
1100 Poydras St. Suite 3700
New Orleans, LA 70163
Phone: (504) 599-8139

***Attorneys for Gregory G. Faia and Faia & Associates, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **5th** day of **October**, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing was accordingly sent to all counsel of record through the Court's electronic filing system.

      /s/   Ryan K. French
          Ryan K. French

5279578.v1