UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIVIAN S. CAHILL AND THE ESTATE
OF SANDRA F. GARDNER, BY ITS PERSONAL
REPRESENTATIVE, MICHAEL H. GARDNER,

    *Plaintiffs,*

                                Case No. 2:22-cv-00543-SM-DPC

v.

GREGORY FAIA, VERNON H. DECOSSAS, III,
FAIA & ASSOCIATES, LLC, ADS SQUARED LLC,
VISUAL AD GROUP, INC. AND DSE LEASING, LLC,

    *Defendants*
_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
MOTION FOR RECONSIDERATION [R. DOC. 69]**

    **NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Vivian S. Cahill ("Ms. Cahill") and the Estate of Sandra F. Gardner, through its personal representative, Michael H. Gardner, ("the Estate") (collectively "Plaintiffs"), who respectfully submit this opposition to Defendants' Motion for Reconsideration (R. Doc. 69) for the following reasons to-wit:

**ARGUMENT**

    Plaintiffs oppose/object to the granting of the Motion for Reconsideration for three primary reasons. First, Defendants somewhat overstate the Florida judge's statement relative to the issuance of a ruling. Second, Defendants' motion fails to address the contention, acknowledged by this Court, that, given the Second Amended Complaint, the Florida court ruling will not be determinative of the above captioned matter. Finally, Defendants have already forecasted, in open

1

court, what their next procedural steps are, and same will be taken irrespective of the Florida Court's ruling.

### I. PLAINTIFFS OVERSTATE THE FLORIDA TPI BANKRUPTCY COURT'S STATEMENT ON ISSUING A RULING.

Defendants' statement that the Florida TPI Bankruptcy Court "explicitly assured all Parties and counsel that she would announce and/or issue her ruling … no later than October 30" is a bit of an overstatement. There is no question that the Florida TPI Bankruptcy Court conveyed that she aspires to issue an <u>oral</u> ruling by October 30, but certainly there was no guarantee of same. Additionally, the Florida TPI Bankruptcy Court made it clear that any written judgment/reasons would not be forthcoming by October 30, and gave no deadline relative to when such a *written, appealable* judgment would be forthcoming. Thus, it is a bit of an overstatement to suggest that this Court will have, in hand, an actual judgment. Even if it did, however, Defendants have not shown how such a judgment, even if rendered in Defendants' favor, would dispense of this case in its entirety, which would be the only reason to continue the stay in this matter.

### II. THE FLORIDA TPI BANKRUPTCY COURT'S RULING WILL NOT DISPENSE OF THIS CASE IN ITS ENTIRETY.

Defendants continue to intimate that the Florida TPI Bankruptcy Court's decision, if in their favor, would dispense of this case in its entirety. That is not the case, and this Court has acknowledged that Plaintiffs have continued to assert that Defendants' position is incorrect and indefensible. Specifically, in its analysis in its Order denying Defendants' Motion to Extend the Stay, this Court stated the following:

> Defendants request a fourth extension of the stay through December 1, 2023, to allow the Florida court to issue its Findings of Fact and Conclusions of Law, which Defendants claim "remains relevant and will be determinative of claims presented to this Court." Plaintiffs argue that their Second Amended Complaint, which was

2

filed after the last order granting an extension of the stay, alleges the ruling from the Florida court will not be determinative of the above-captioned matter.

This Court has stayed the instant matter for over a year, but now, using its discretionary power, finds that further delay is unwarranted. Moreover, Defendants have recently filed a Motion to Re-Open Evidence in the Florida litigation, which will undoubtedly cause further delay in the resolution of that case. Having considered the competing interests, the Court finds that further extension of the stay is unwarranted under the circumstances.[1]

Defendants tout the fact that they withdrew their Motion to Reopen the Evidence in the Florida matter as if that declaration resolves the issue. It does not. This Court's mention of Defendants' Motion to Reopen Evidence was *in addition* to the primary issue, which ia that further delay is unwarranted because the Second Amended Complaint forecloses the ability of the Florida court ruling to be determinative of this matter.[2] Defendants don't even touch on this issue, because they have no response/defense to same. Additionally, it must be noted that any ruling by the Florida TPI Bankruptcy Court will go through at least two rounds of appeals – first with the District Court and then to the Eleventh Circuit. It is a certainty that this will happen no matter which "side" prevails at the TPI Bankruptcy Court level. As any ruling of the TPI Bankruptcy Court will not be a final ruling until all appeals have been exhausted, Defendants are essentially asking this Court to stay this matter until all such appeals have been exhausted, which could conceivably take years. Given same, there simply is no basis to continue a stay for a ruling that will not dispense of this case. The request is just a delay in justice to the detriment of Plaintiffs insofar as it precludes Plaintiffs' ability to conduct necessary discovery in this matter before said documents become beyond the reach of Plaintiffs and this Court.

---

[1] See R.Doc. 66 at Pg. 3.
[2] Plaintiffs have already set forth the basis for same in previous pleadings, and therefore will not burden this Court with a recapitulation of that argument herein.

### III. DEFENDANTS HAVE FORECAST THEIR NEXT STEPS, WHICH THEY WILL TAKE NO MATTER HOW THE FLORIDA BANKRUPTCY COURT RULES.

As stated in Plaintiffs' previous opposition, Defendants have, at every opportunity to do so, taken the opportunity to "advise" this Court that Defendants will be initially filing a motion to transfer this case to Florida based on the "first filed" doctrine followed by 12(b)(6) motions. This motion practice will occur no matter how the Florida bankruptcy court rules. Defendants have not addressed this issue, or stated how or why any ruling in Florida will effect their stated, *on the record*, course of action. In fact, in their brief they reiterate the fact that this is how they are going to proceed. Specifically, they state that "the scope and contents of the Florida court ruling will have an impact on the appropriateness of that forum, with there being numerous possible scenarios in which it would be more practical to complete litigation in Florida."[3] That is their position. That has been their position from the outset. They have continuously advised this Court that this is their position. They believe this matter should be in Florida. This Court can resolve that issue irrespective of what the Florida TPI Bankruptcy Court rules. Again, it must be emphasized that the scope of the Florida TPI Bankruptcy "nominee phase" trial is merely whether Vivian Cahill and Sandra Gardner were nominees of Sigmund Solares and Michael Gardner. That is the sole scope of that trial. Any ruling on this issue will, in no way, have any effect on Defendants' "first filed" doctrine argument.

Given same, this Court should at least allow this motion practice to take place. To simply let this matter sit, even though this motion practice will take place no matter how the Florida bankruptcy court rules, is inefficient and prejudicial to the Plaintiffs, who are entitled to move their case forward.

---

[3] See R.Doc. 69-1 at Pg. 4.

## CONCLUSION

Thus, Plaintiffs Vivian S. Cahill and Michael H. Gardner, as personal representative for the Estate of Sandra F. Gardner, respectfully request this Court deny the motion for reconsideration.

Dated: New Orleans, Louisiana
October 11, 2023

AARON & GIANNA, PLC.
201 St. Charles Avenue – Suite 3800
New Orleans, LA 70170
(504) 569-1800 (telephone)
(504) 569-1801 (fax)

By: _____/s/ W. Glenn Burns_____
W. Glenn Burns, Esq.
Louisiana Bar No. 03698
gburns@aarongianna.com
William D. Aaron, Jr., Esq.
Louisiana Bar No. 02267
waaron@aarongianna.com
DeWayne L. Williams, Esq.
Louisiana Bar No. 27685
dwilliams@aarongianna.com

*Counsel for Vivian Solares Cahill and Estate of Sandra F. Gardner*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Requests on all counsel record by electronic correspondence or by depositing same in the U.S. Mail, postage prepaid, this 11th day of October, 2023.

_____/s/ W. Glenn Burns_____
W. Glenn Burns, Esq.
Louisiana Bar No. 03698
gburns@aarongianna.com