UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIVIAN S. CAHILL AND THE ESTATE OF SANDRA F. GARDNER, BY ITS PERSONAL REPRESENTATIVE, MICHAEL H. GARDNER,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-543** |
| **GREGORY FAIA, VERNON H. DECOSSAS, III, FAIA & ASSOCIATES, LLC, ADS SQUARED LLC, VISUAL AD GROUP, INC. AND DSE LEASING, LLC,**<br>    **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Reconsideration of this Court's September 27, 2023 Order and Reasons.[1] For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND

This action stems from decades of litigation between Plaintiffs and Defendants resulting from business ventures that began in 1999. Plaintiffs brought suit in this Court on March 8, 2022, alleging Defendants executed two option agreements for the benefit of Plaintiffs, in which Plaintiffs were given ownership and control of certain subsets of the companies, and Defendants have refused to recognize the existence or perform the agreements. It is these option agreements that are at issue in the instant litigation.

On August 4, 2022, the parties jointly moved the Court to stay the proceedings pending the outcome of a related bankruptcy proceeding in a Florida court.[2] In their

---

[1] R. Doc. 69.
[2] R. Doc. 20.

1

motion, the parties argued "Plaintiffs and Defendants have agreed to submit a dispositive threshold question for resolution by the U.S. Bankruptcy Court: whether Plaintiffs in this matter, with respect to the alleged option documents, were and are merely the 'nominees' of Sigmund Solares and Michael Gardner."[3] The parties jointly represented to the Court that "[t]he resolution of this threshold issue will directly impact whether and to what extent Plaintiffs can proceed with the claims asserted in the Amended Complaint."[4] Based on these representations, the Court stayed the proceedings until December 1, 2022.[5] On November 18, 2022, after the trial date in the Florida proceeding was continued, the parties jointly moved for an extension of the stay through March 1, 2023.[6] The Court granted the parties' motion.[7] On February 27, 2023, Defendants filed another motion to extend the stay through June 1, 2023,[8] which the Court granted after holding a motion hearing.[9] On June 1, 2023, Defendants filed a third motion to extend the stay through September 1, 2023,[10] which the Court granted after hearing oral argument.[11] Defendants moved for a fourth stay of the matter on September 6, 2023,[12] which the Court denied on September 27, 2023. [13] Defendants now move for reconsideration of the Court's September 27, 2023 Order and Reasons.[14]

## LAW AND ANALYSIS

Defendants move this Court to reconsider the September 27, 2023 Order and

---

[3] *Id.* at p. 4.
[4] *Id.* at p. 5.
[5] R. Doc. 21.
[6] R. Doc. 22.
[7] R. Doc. 23.
[8] R. Doc. 24.
[9] R. Doc. 41.
[10] R. Doc. 42.
[11] R. Doc. 57.
[12] R. Doc. 60.
[13] R. Doc. 66.
[14] R. Doc. 69.

Reasons denying extension of the stay.[15] This is a motion for reconsideration of an interlocutory ruling, which is governed by Rule 54(b). Rule 54(b) provides "any order … that adjudicates fewer than all the claims … may be revised at any time before the entry of a judgment adjudicating all the claims."[16] "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[17]

A Rule 59(e) motion to alter or amend "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion.[18] To prevail on a Rule 59(e) motion, the movant must clearly establish at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[19] A Rule 59(e) motion is "not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[20] Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence."[21] "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent."[22]

---

[15] *Id.*
[16] FED. R. CIV. P. 54(b).
[17] S. Snow Mfg. Co. v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Castrillo v. Am. Home Mortg. Servicing, Inc., No. 09–4369, 2010 WL 1424398, at *3 (E.D.La. Apr. 5, 2010) (Vance, C.J.); Rosemond v. AIG Ins., No. 08–1145, 2009 WL 1211020, at *2 (E.D.La. May 4, 2009) (Barbier, J.); In re Katrina Canal Breaches, No. 05–4182, 2009 WL 1046016, at *1 (E.D.La. Apr. 16, 2009) (Duval, J.)).
[18] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[19] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). *See also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Norris v. Causey*, No. 14-1598, 2016 WL 311746, at *4 (E.D. La. Jan. 26, 2016).
[20] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted).
[21] *Id.* (citations omitted).
[22] *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp.3d. 690, 693 (M.D. La. 2016) (citation and internal quotations marks omitted).

Defendants argue the Florida court "explicitly assured" all parties it would announce a ruling on issues including the "nominee question" no later than October 30, 2023.[23] Further, Defendants represent they withdrew the motion to reopen evidence in that Court, which, they argue, should prevent any further delay. In light of these new developments, Defendants seek reconsideration of this Court's September 27, 2023 Order and Reasons denying extension of the stay to the extent they be granted a 23-day extension to file responsive pleadings.

In making their arguments, Defendants fail to clearly identify the basis for their Motion for Reconsideration under Rule 59(e). Defendants' arguments plausibly relate only to the second basis for reconsideration under Rule 59(e), that is, the availability of new evidence not previously admitted. However, the information presented by Defendants in the instant motion does not sufficiently alter the Court's weighing of competing interests to warrant reconsideration of the Order denying extension of the stay.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration[24] is **DENIED**. Defendants' responsive pleadings remain due on or before **Wednesday, October 18, 2023.**

**New Orleans, Louisiana, this 13th day of October, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] Plaintiffs, by contrast, represent the Florida court "aspires to issue an oral ruling by October 30, but certainly there was no guarantee of same." (R. Doc. 72 at 2).

[24] R. Doc. 69.