UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIVIAN S. CAHILL and THE ESTATE OF SANDRA F. GARDNER, by its Personal Representative, Michael H. Gardner,<br><br>Plaintiffs<br>vs.<br><br>GREGORY G. FAIA, VERNON H. DECOSSAS III, FAIA & ASSOCIATES, LLC, ADS SQUARED LLC, VISUAL AD GROUP, INC., and DSE LEASING, LLC,<br><br>Defendants | Case No.:  22-cv-00543-SM-DPC<br><br>Judge:  SUSIE MORGAN<br><br>Magistrate:  DONNA PHILLIPS CURRAULT |

## REPLY BRIEF IN SUPPORT OF SECOND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)

Defendants Gregory G. Faia, Vernon H. Decossas III, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC ("Defendants") respectfully submit this Reply Brief in support of their **second** motion to dismiss, which seeks dismissal of Plaintiffs' (1) alternative fraud theory claim, (2) claims for corporate asset damages, and (3) RICO claims.

### I. DEFENDANTS' UNDERLYING MOTION

In their second motion to dismiss, Defendants sought dismissal of the operative complaint based upon three new, principal arguments: (1) that Plaintiffs cannot assert a "fraud" claim on the basis that they were fooled into believing they had damages (that they did not actually have); (2) that Plaintiffs do not have standing to assert damage claims that belong to corporate entities; and (3) that Plaintiffs' RICO allegations are inadequate as a matter of law.

### II. REPLY TO PLAINTIFFS' OPPOSITION ARGUMENTS

Plaintiffs have filed an opposition brief that contains various unfounded or misleading arguments, the defects in which are expanded upon below.

1

5472850.v1

**A.  Plaintiffs' opposition arguments are based upon a set of assertions that another court has already conclusively rejected.**

As set forth in a record exhibit, the Florida bankruptcy court ruled against Plaintiffs on December 1, issuing a ruling (the "Florida Ruling") that, in excruciating detail, forecloses every claim advanced by Plaintiffs in this case.[1] *See* Docket # 86-6. In particular, the Florida bankruptcy court held that Plaintiffs in this matter have no right to the Options and therefore no ability to enforce the Options or claim any interest in the Three Companies. *See id.*[2] But the Florida court did not stop there. Rather, the court found further that Vivian Cahill and Michael Gardner's testimony lacked any credibility, specifically rejecting any notion that Plaintiffs ever honestly believed they owned any Options. *See, e.g.*, Docket # 86-6 at 66 ("[R]ecorded conversations . . . reveal without doubt that the story now being told by these two and the Nominee Defendants [(Vivian Cahill and Sandra Gardner)] about who controlled the options was weaved from further deceit and distrust.").

Notwithstanding the Florida Ruling, when Plaintiffs filed their opposition brief eleven days later in this matter, they only superficially acknowledged the Florida Court's findings. Indeed, Plaintiffs simply proceeded through their arguments if there was no Florida Ruling, continuing to base their positions in this Court on allegations now found to have been completely fabricated. *See* Docket # 86 at 10 (arguing that Plaintiffs have standing and an injury because the Options "gave

---

[1] Defendants point out these issues here only to illustrate the incompatibility of Plaintiffs' claims with other events and judicial holdings, and to emphasize the overlap between this matter and the Florida Litigation. Upon the entry of a final written judgment, Defendants will timely file a motion to dismiss or a motion for summary judgment based upon res judicata, claim preclusion, and/or issue preclusion principles. This reply brief, and the other reply brief being filed contemporaneously herewith, are thus not intended to serve as the vehicle to raise Defendant's corresponding arguments.

[2] Defendants hereby incorporate by reference the summary of the Florida Ruling and the quoted excerpts that appear in the other reply brief being filed contemporaneously herewith.

Plaintiffs option rights to obtain full ownership" and "Faia and Decossas promised Plaintiffs not to alienate any asset that belonged to the Three Companies"); at 14 ("[The Option] was an agreement with Plaintiffs."); at 17 ("Defendants . . . executed Option Agreements giving them the right to become 100% owners of the Three Companies. That is tangible. That is identifiable. And that is calculable."). Of course, Plaintiffs' refusal to acknowledge the substance of the Florida Ruling taints all of Plaintiffs' arguments and ultimately precludes any ruling in their favor.

> **B.   Plaintiffs still have not, in any cognizable way, explained how they can base a fraud claim on damages that they "believed" they suffered, but which they did not actually suffer.**

In an implicit nod to the Florida Ruling against them, Plaintiffs first attack Defendants' argument that Plaintiffs' "alternative fraud" claim is inadequately pled. Yet, in defiance of the Federal Rules of Civil Procedure and all caselaw discussing the elements of fraud, Plaintiffs still have not properly pled or explained their alternative fraud claim. That Plaintiffs supposedly "believed" they were damaged—when they suffered no actual damages and never relied upon or cited any specific misrepresentations—is not a sufficient basis to maintain a fraud claim. Plaintiffs have now been given multiple opportunities to elaborate upon, to re-plead, or to cite supporting authority for their seemingly-unprecedented cause of action. Plaintiffs have failed to do so, and so this Court should dismiss the "alternative fraud" claim immediately and with prejudice.[3]

---

[3] As Plaintiffs have surely realized, their imaginary "alternative fraud" claim, if it could rationally exist despite its elemental deficiencies, depends upon Plaintiffs having genuinely been duped into believing they owned the relevant Options at issue. Any such contention has been, or soon will be, barred by the Florida court's explicit findings to the contrary. *See, e.g.*, Docket # 86-6 at 72 ("Equally unbelievable is the idea that Vivian and Sandra believed the rights to exercise the options belonged to them, and yet, although they knew about the Louisiana Action and possibly some of the other actions being taken that would violate the terms of the options and/or devalue the Three Companies, they took no action to stop them."); at 73 ("Based on the evidence as a whole, the Court is convinced that the conduct of Vivian and Sandra, together with the conduct of Solares and Gardner since the day the options were allegedly executed, demonstrate that only Solares and Gardner considered themselves and held themselves out as the beneficial owners or holders of the rights purportedly granted in the options.").

### C. Plaintiffs' attempts to circumvent established corporate standing caselaw are unavailing.

In another section of their opposition, Plaintiffs vehemently deny that they cannot personally claim damages for the assets taken from corporate entities. Plaintiffs start by declaring that their damage claims are unlike any considered before, because Plaintiffs are not mere stockholders or members. Rather, Plaintiffs assert, their alleged contracts (the Options) give them an alternative contractual standing that lets them claim corporate damages as their own. However, despite Plaintiffs' suggestion to the contrary, this Court has previously and explicitly rejected this very argument. *See Nowling v. Aero Servs. Int'l, Inc.*, 752 F. Supp. 1304, 1316 (E.D. La. 1990) ("Starer, on the surface, has a private cause of action against defendants for breach of contract. But the formality of a contract does not drive the resolution of this question. We are again brought back to the character of the grievance at issue. The actual injury complained of by the shareholder anchors the decision of whether the shareholder has sustained a loss distinct from the corporation. Louisiana, like other states, recognizes that an injury to shareholders in the form of a diminution in the value of stock is a loss that is recoverable only by the corporation in a direct action by the company, or by the shareholders derivatively.").

In their only other attempt to rebut the extensive legal authorities cited by Defendants, Plaintiffs cite one unpublished case in which a Texas federal court allowed an individual to claim damages suffered by a business. *See Creel v. Dr. Says, LLC*, No. 4:18-CV-00615, 2022 WL 991568, at *9 (E.D. Tex. Mar. 31, 2022). However, in finding that the plaintiff had a protectable property interest in the profits of a corporate entity, the *Creel* court very specifically explained that the question was controlled by the underlying corporate law at issue, which was *Texas* law. ("To make this determination, the Court looks to Texas law."). Obviously, Texas case law that allows a Texas party to claim an interest in the profits of a Texas entity has no bearing in this matter, which

concerns damages incurred by Louisiana and Delaware plaintiffs and entities. The extensive Louisiana and Delaware law previously cited by Defendants is therefore controlling.

>   **D.    Plaintiffs' suggestion that they are entitled to compensatory damages for their attorneys' fees in the Florida Litigation is outrageous.**

In a desperate attempt to cite to any legally-cognizable damages, Plaintiffs finally urge this Court to consider the attorneys' fees they have recently incurred in the Florida Litigation. *See* Docket # 86 at 16. In a truly remarkable assertion, Plaintiffs suggest that Defendants should be required to pay damages (treble, in fact) to compensate Plaintiffs for the attorneys' fees they incurred in Florida—where Plaintiffs have lost and been found to have fraudulently contrived the factual basis of all of their claims. That is, Plaintiffs want this Court not only to award them *non-prevailing-party* legal fees (a truly novel assertion), but also to inappropriately do so in place of the judge in the relevant proceeding. As this argument defies all logic and is not supported by any case law or other legal authority, this Court should reject it accordingly. *See Covered Bridge, Inc. v. IberiaBank*, 542 F. Supp. 3d 429, 433 (E.D. La. 2021) ("[I]t is beyond peradventure that, under Louisiana law, attorney's fees are recoverable only if they are authorized by statute or by contract.").

>   **E.    The RICO standing cases cited by Plaintiffs are utterly inapplicable in a case where Plaintiffs have been found to have no ownership interest in the allegedly-harmed business.**

Plaintiffs misleadingly cite to three RICO standing cases to suggest they have RICO standing. First and foremost, Plaintiffs quote extensively from the Fifth Circuit case, *Khurana v. Innovative Health Care Sys.*, 130 F.3d 143 (5th Cir. 1997). But, while that case did affirm an individual's ability to claim damages in the form of a lost business *opportunity* (which does not necessarily belong to a corporation), it explicitly distinguished its holding from cases in which individuals attempt to assert "shareholders' RICO claims that are derivative of a corporation." *See*

5

5472850.v1

*id*. at 150. In this matter, Plaintiffs' claimed damages are unapologetically based upon the loss of particular corporate assets and profits, and thus they serve as no basis for individual standing.

As problematically for Plaintiffs, they cannot establish injury to their business or property in any scenario, because they were not the owners of the Three Companies or the relied-upon contractual rights. *See* Docket # 86-6; *Advanced Business Systems, Inc. v. Philips Information Systems Co.*, 750 F. Supp. 774 (E.D. La. Nov. 9, 1990). Plaintiffs' RICO standing argument is premised on their being the "100% owners of the Three Companies," a premise that has been explicitly refuted by Judge McEwen. *See* Docket # 86 at 17. This Court, too, then must also reject the same premise and any claims that hinge upon it.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the previously filed second motion to dismiss and:

(1)   Pursuant to Federal Rules 12(b)(1) and 12(b)(6), dismiss Cahill and Gardner-as-Executor's "alternative fraud" count (Docket # 55 at ¶ 617);

(2)   Pursuant to Federal Rules 12(b)(1) and 12(b)(6), dismiss all claims and theories of liability asserted by Cahill and Gardner-as-Executor other than the claim seeking to enforce their equity-transfer rights and/or the recognition of their ownership interests in the Three Companies (*i.e.*, all claims alleged or appearing in ¶¶ 175-562, 580-607, & 609-17 of the operative complaint); and

(3)   Pursuant to Federal Rule 12(b)(6), dismiss all RICO claims asserted against Defendants (Docket # 55 at ¶¶ 175-520).

5472850.v1

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P

By: _____*Ryan K. French*_____
   Robert W. Barton, Bar # 22936
     Bob.barton@taylorporter.com
   John S. Campbell, III, Bar # 23674
     Johnstone.campbell@taylorporter.com
   Ryan K. French, Bar # 34555
     ryan.french@taylorporter.com
   450 Laurel Street, 8th Floor (70801)
   P. O. Box 2471
   Baton Rouge, LA 70821-2471
   Phone:  (225) 381-0262

   ***Attorneys for Vernon H. Decossas III, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC***

JONES WALKER L.L.P

   Michael W. Magner, Bar # 1206
     mmagner@joneswalker.com
   Andrew R. Lee, Bar # 21196
     alee@joneswalker.com
   Peter J. Kee, Bar # 34860
     pkee@joneswalker.com
   201 St. Charles Ave. Suite 5100
   New Orleans, LA 70170
   Phone:  (504) 589-8316

   ***Attorneys for Gregory G. Faia, Faia & Associates, LLC, Ads Squared LLC, Visual Ad Group, Inc., and DSE Leasing, LLC***

FRILOT, LLC

   David S. Daly, Bar # 20774
     ddaly@frilot.com
   1100 Poydras St. Suite 3700
   New Orleans, LA 70163
   Phone:  (504) 599-8139

   ***Attorneys for Gregory G. Faia and Faia & Associates, LLC***

8

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this **20th** day of **December**, 2023, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing was accordingly sent to all counsel of record through the Court's electronic filing system.

                                        /s/   *Ryan K. French*
                                               Ryan K. French